**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10282 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00326-MCE |
| v. | |
| ROBERT VARGAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Robert Vargas appeals from the district court's judgment and challenges the

180-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute and to possess with intent to distribute methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute MDMA, in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We dismiss.

Vargas contends that his sentence is substantively unreasonable in light of an alleged overstatement to his criminal history and the disparity between his sentence and that of his codefendant. The government argues that this appeal should be dismissed based on an appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010), we dismiss. Vargas gave up the right to appeal his sentence as long as it did not exceed "the top of the applicable guideline range." Whether the applicable guideline range is the 195-228 month range calculated by the court at sentencing, or the 181-211 month range calculated in the plea agreement and that Vargas now suggests the court should have used, the appeal waiver bars Vargas's appeal of his 180-month sentence.

**DISMISSED.**